## MANUEL G. SILVA *v.* ANTONIO FERNANDEZ.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 30, 1898.        DECIDED JULY 19, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Assumpsit. Jury waived. The evidence held to support the findings and judgment of the Circuit Court.

OPINION OF THE COURT BY WHITING, J.

This cause was heard jury waived. The presiding judge found for the plaintiff and gave judgment in assumpsit for $730, and decided against the claim of payment set up by defendant. The judge held that "the defendant sets up payment and in support of the plea gave evidence of an agreement between himself and the plaintiff that defendant pay the bills of the plaintiff and deduct the same together with amounts due defendant from the amounts due the plaintiff by defendant. An account book was

introduced for the purpose of proving the amounts paid out and advanced under the agreement. From the evidence it appeared that the same was not a book of original entry, and there being no satisfactory and legal proofs of the amounts paid and advanced by the defendant for the plaintiff, I find that the plea of payment is not established."

The defendant duly excepted to the decision and moved for a new trial on the following grounds:

1. Because the court found as a fact that defendant's plea of payment was not established by the evidence.

2. Because the decision of the court was contrary to law and to the evidence and to the weight of the evidence.

This motion was overruled.

The main contention for the defendant is that the account book being admitted in evidence showed the payments made on behalf of the plaintiff and supported by oral testimony of the defendant showed conclusively sufficient items to offset the claim of plaintiff. This account book showed an alleged account between defendant and plaintiff first, on one page, of entries from April 10, 1896, to December 31, 1896; this account was copied or transferred to other pages of the book and other entries included showing a different account from that first entered. The judge admitted the book to show entries to December 31, 1896, against the objection of defendant. However, on cross-examination of defendant, the value of this book as one of original entry was entirely destroyed. Defendant then testified that "some of the entries were put right into this book, and some obtained from other books:"    *    *    "it is my private ledger: from the first of April down to end of the year are not all original entries; sometimes I get the other book, sometimes I get the ledger in here and on the page I get from the city ledger the liquor business; sometimes I charge in the memorandum book and then post in this account." An examination of the book itself shows that it was not kept in such a way as to give the accounts weight as original entries. The oral testimony of the defendant and the witnesses is indefinite, uncertain and

unsatisfactory; and on cross-examination, the defendant was very contradictory in his evidence; he also failed to produce vouchers for his items although claiming to possess them.   The evidence of payment was weak.

We agree with the decision of the Circuit Court and overrule the exceptions.

*C. Creighton* and *A. G. Correa* for plaintiff.
*Paul Neumann* for defendant.